UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julian De'Andre Battle, | ) | C/A No. 5:15-cv-04780-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Greenville County Detention Center; | ) | |
| Sergent McCarthy; | ) | |
| Lt. Mathis, and | ) | |
| Mr. Bodiford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Julian De'Andre Battle ("Plaintiff") is currently detained at the Greenville County Detention Center ("GCDC"), awaiting trial on undisclosed criminal charges. In the Complaint submitted in this case, Plaintiff asks this court to award him damages from several GCDC employees based on their alleged loss (or failure to return) certain personal property that was taken from Plaintiff and placed in storage when he was put in disciplinary detention in July 2015. Compl. 3-5, ECF No. 1. Plaintiff alleges that, although some of his personal property was

returned to him when he returned to the general population, certain religious items and legal documents were never returned despite many requests for their return. *Id*. at 3. Plaintiff alleges that the property loss has caused him to "not being able to file legal dockuments [sic] in due time forceing [sic] [him] to mess up in the court's [sic]." *Id*. at 4. Plaintiff does not allege that he has been completely unable to file or pursue any particular legal cases or that any judgment was entered against him in any pending legal matters because of an inability to file required pleadings. Plaintiff asks this court to award him $50,000.00 in damages. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

Plaintiff's claim about the alleged possible loss or negligent safekeeping of his personal property is not properly before the federal court as a constitutional due-process claim pursuant to 42 U.S.C. § 1983[1] because Plaintiff has an adequate state-court remedy for such personal property issues under the South Carolina Torts Claim Act ("SCTA"). *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F. 3d 216, 230-31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *See Yates v. Jamison*, 2 F.2d 1182, 1183-84 (4th Cir. 1986). This holding applies regardless of whether the inmate's property loss was the result of negligence or an intentional act of the state employee or employees. *See Hudson v. Palmer*, 468 U.S. at 533 (extending the holding of *Parratt v. Taylor*,

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff does not explicitly refer to § 1983 as the statutory basis for his Complaint; however, because he seeks damages from state actors, it appears that § 1983 would be the only potentially proper federal cause of action for consideration of his allegations.

451 U.S. 527 (1981) to intentional deprivations of property); *see also Bogart v. Chapell*, 396 F.3d 548, 557 n.7, 561 (4th Cir. 2005) (South Carolina has meaningful post-deprivation remedies of "conversion/trespass to chattels" for personal property loss caused by county employees). Under South Carolina law, Plaintiff's claims relating to lost or destroyed personal property are cognizable under the SCTA. *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Accordingly, Plaintiff's claims relating to his personal property are cognizable under the SCTA because SCDC is a state agency and Defendants' activities as employees/officials of SCDC are covered by the Act. Plaintiff can file a verified claim of his alleged personal property loss with SCDC under the Act. S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim . . . .").

Furthermore, to the extent that Plaintiff's allegations about problems he has experienced with being able to file legal documents and "messing up" in courts, ECF No. 1 at 4, may be liberally construed as an attempt to state a § 1983 claim of denial of access to courts based on the First Amendment to the United States Constitution, no plausible claim is stated against any Defendant. It is settled that a plaintiff must show an actual injury to state a plausible claim for

4

denial of access to the courts. *See Rutland v. Dewitt*, No. 8:09-1753-SB-BHH, 2009 WL 2486342, at *3 (D.S.C. Aug. 11, 2009); *see also Lewis v. Casey*, 518 U.S. 343, 349-52 (1996); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). As stated previously, Plaintiff's Complaint does not contain any allegations showing an inability to pursue or continue a specific legal action because he does not have the personal property that is the subject of the pleading and, thus, he fails to allege an "actual injury" caused by his not receiving all of his personal property from storage.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

January 29, 2016                                                          Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).