IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian De'Andre Battle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:15-4780-BHH |
| v. ) | |
| ) | |
| Greenville County Detention Center; ) | **ORDER** |
| Sergeant McCarthy; ) | |
| Lt. Mathis; and ) | |
| Mr. Bodiford, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's pro se complaint, wherein he alleges that several employees of the Greenville County Detention Center lost and/or failed to return certain personal property to Plaintiff while he was a pre-trial detainee.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On January 29, 2016, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's complaint without prejudice.

In her Report, the Magistrate Judge noted that Plaintiff's claim related to lost or destroyed personal property does not amount to a constitutional due process claim pursuant to 42 U.S.C. § 1983 because Plaintiff has an adequate state-court remedy under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 through 15-78-220. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008). In addition, the Magistrate Judge determined that Plaintiff

complaint fails to state a cognizable constitutional claim for the alleged denial of access to courts because Plaintiff's complaint does not contain any allegations showing an "actual injury" caused by Defendants' alleged failure to return his personal property.  Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no error and agrees with the Magistrate Judge that Plaintiff's complaint fails to state a constitutional claim and is subject to summary dismissal.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 11) and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 31, 2016
Charleston, South Carolina